Per Curiam.

The defendant contends that the breach of the covenant in question was discharged by lapse of time, and that this may be given in evidence under the proper plea ; and the Court think the lapse of time is fit for the consideration of the jury. In all personal contracts for the breach of which damages are to be recovered, lapse of time affords in law a presumption of payment or satisfaction. It does not constitute a legal bar; and it may be encountered by proof tending to rebut the presumption arising from it; but if not rebutted, the jury would be instructed that it offered very strong, perhaps conclusive evidence of satisfaction. And this is founded on good reason, for it cannot be believed that a party who has sustained damage by the loss of his land, and who has a good remedy over upon his covenants, would lie by for a long series of years, without making any claim for indemnity. The presumption therefore is, that such claim has been made and satisfied, in some mode, which, on account of lapse of time and loss of evidence, cannot now be proved by other evidence. It was necessary to fix on some period as a foundation for the presumption, and twenty years have been assumed for that purpose, from analogy to positive law in other cases.[1] As this rule has now been long practised on,, the original presumption, arising from the common motives of action, is much strengthened by the presumption, that men commonly act in conformity *555 to the known and practically settled rules of law. It is true that most of the cases cited, in which the doctrine of presumption of payment from lapse of time has been discussed, have arisen upon contracts for the payment of money. But, as it regards this presumption of law, we see no difference between a claim for damages for the non-performance of a collateral act, and a bond, for the payment of money. The liability for damages is not technically a debt, and so a plea of payment would not be proper; but the presumption is just as strong, of a payment for the damages or of the performance of some collateral thing in satisfaction, as of the payment of a debt upon the original contract to pay money. There must be a new trial, and the plaintiff will have an opportunity to rebut the presumption by such evidence as he may be able to produce.
Accord and satisfaction is the proper plea. The case of Giles v. Baremore, 5 Johns. Ch. R. 545, is strong to show that no technical payment need be presumed.
It is objected that there is no precise time at which the twenty years shall begin. But we think there is no difficulty on that point. The breach was immediate upon the execution of the deed, and an action might then have been maintained ;[2] but only nominal damages could be recovered, until the judgment creditor’s lien should be perfected or extinguished. When either of these things is done, the covenantee is substantially deprived of the use and benefit of his estate ; it is at that time that he sustains the real damage ; and that is therefore the time at which the law presumes that he would seek his indemnity. Consequently, that is the point of time from which the term of twenty years is to be computed. Here the lien was enforced in 1801, and the lapse of time would begin from that period.

New trial granted.

See Revised Stat c. 120, § 7.

 See Potter v. Taylor, 6 Vermont R. 676; Richardson v. Dorr, 5 Vermont R. 9; Garrison v. Sanford, 7 Halsted, 261; Tufts v. Adams, 8 Pick. 547 j Stewart v. Drake, 4 Halsted, 139.